Todd A. Lyon (SBN 337219)
E-Mail: tlyon@fisherphillips.com
**FISHER & PHILLIPS LLP**
1 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:   (415) 490-9000
Facsimile:    (415) 490-9001

Lonnie D. Giamela (SBN 228435)
E-Mail:  lgiamela@fisherphillips.com
**FISHER & PHILLIPS LLP**
444 South Flower Street Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Carola Murguia (SBN 334338)
E-Mail:  cmurguia@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Plaintiff
California Chamber of Commerce

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA CHAMBER OF COMMERCE and CALIFORNIA RESTAURANT ASSOCIATION<br><br>            Plaintiffs,<br><br>     v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State California; LILIA GARCIA-BROWER, in her official capacity as the Labor Commissioner in the Division of Labor Standards Enforcement of the California Department of Industrial Relations; and DIVISION OF LABOR STANDARDS ENFORCEMENT OF THE CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS,<br>            Defendants. | Case No:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

# COMPLAINT

1. Plaintiff California Chamber of Commerce ("CalChamber"), a California non-profit corporation with its principal place of business in Sacramento, California, and Plaintiff California Restaurant Association ("CRA"), a California non-profit corporation with its principal place of business in Sacramento, California (CalChamber and CRA collectively hereinafter referred to as "Plaintiffs") invoke their federal constitutional and statutory rights, the federal constitutional and statutory rights of their respective members to seek a judgment: (1) declaring the provisions of Senate Bill ("SB") 399 (Wahab) subparts (b)(3), (c), (d), (e), and (f)(1)-(2), approved on September 27, 2024 to be added into Chapter 9 to Part 3 of Division 2 of the California Labor Code as California Labor Code section 1137[1] (hereinafter "SB 399") as unconstitutional and preempted; and (2) enjoining Defendants' enforcement of these new provisions against Plaintiffs and their respective members.

2. Governor Gavin Newsom of the State of California approved SB 399 to add Chapter 9 to Part 3 of Division 2 of the California Labor Code, commencing with Section 1137. Because of SB 399, employers in California are now subject to liability, penalties, and other administrative action when they exercise their federal constitutional and statutory rights to talk to employees about political issues, including "the decision to join or support any … labor organization" (hereinafter "labor issues").

3. SB 399 violates the First and Fourteenth Amendments to the United States Constitution by discriminating against employers' viewpoints on political matters, regulating the content of employers' communications with their employees, and by chilling and prohibiting employer speech.

///

---

[1] Sen. Bill 399 (Wahab) 2023-2024 Reg. Sess. Ch. 670, Cal. Stat., found at https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202320240SB399.

4. SB 399 is also preempted by the National Labor Relations Act, 29 U.S.C. §§ 151, et seq. ("NLRA"). The NLRA comprehensively regulates labor relations. For decades, and consistent with the First Amendment, the NLRA has protected the right of employers and other parties to express their views on unionization to their employees. See NLRA Section 8(c), 29 U.S.C. § 158(c). Conversely, the NLRA prohibits statements and actions, including unlawful threats, which interfere with, restrain, or coerce employees in the exercise of their rights protected by the NLRA. See NLRA Sections 8(a)(1), 8(b)(1)(A), 29 U.S.C. §§ 158(a)(1), 158(b)(1)(A). SB 399 intrudes into this subject matter where California and other states have no power to regulate.

5. This Court can and should vindicate the federal constitutional rights of Plaintiffs and their respective members to engage in protected speech with their employees and, alternatively, end California's intrusion into an area preempted and exclusively regulated by the NLRA.

**JURISDICTION, STANDING, RIPENESS, AND VENUE**

6. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

7. Plaintiffs, on behalf of their respective members, bring this cause of action under Article VI, cl. 2 and the First and Fourteenth Amendments to the United States Constitution. It is brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, the Declaratory Judgments Act, 28 U.S.C. §§ 2201-02, and *Ex Parte Young*, 209 U.S. 123 (1908), to enforce the federal constitutional and statutory rights of Plaintiffs and their members. This court has jurisdiction under 28 U.S.C. § 1331.

8. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … ."

9. Under 28 U.S.C. § 2201, "in a case of actual controversy within its jurisdiction," this court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

10. Plaintiffs, individually and collectively, have associational standing to bring this suit on behalf of their various employer members because (1) Plaintiffs' members would have individual standing to sue in their own right; and (2) Plaintiffs' members' individual participation is unnecessary in this purely legal challenge. *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 342 (1977); *Warth v. Seldin*, 422 U.S. 490, 599 (1975); *Nat'l Motor Freight Traffic Ass'n v. United States*, 372 U.S. 246 (1963). Plaintiffs on behalf of their members are directly and adversely affected by SB 399 and accordingly have standing to sue in their own right. SB 399 is at odds with Plaintiffs' members' free speech rights, and challenging SB 399 is germane to Plaintiffs' representative purpose. Neither the claims asserted, nor the relief requested requires individual members to participate in the suit.

11. Plaintiffs bring a ripe case or controversy related to the threatened enforcement of a law in the context of the First Amendment. *Cal. Pro–Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir.2003). Plaintiffs, on behalf of their members, brings a pre-enforcement claim against SB 399 under the First Amendment and federal preemption that meets the constitutional and prudential components of ripeness. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). SB 399's threatened enforcement is impending, as it is scheduled to go into effect on January 1, 2025, and there is a fitness of the issues

///

4
COMPLAINT

FP 53318660.4

for judicial decision and the hardship to Plaintiffs and their members of withholding this Court's consideration.

12. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). The District Court in the Eastern District of California is where a substantial part of the events giving rise to Plaintiffs' claims have occurred, are now occurring, and will occur in the future if not curtailed. Many of Plaintiffs' employer members are situated in this district and are and will continue to be adversely affected by the irreparable harms sought to be remedied and prevented by this Court's action upon this complaint.

## NATURE OF THE ACTION

13. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

14. Plaintiffs, on behalf of their members, seek declaratory relief that SB 399, as approved on September 27, 2024 to be added into Chapter 9 to Part 3 of Division 2 of the California Labor Code as California Labor Code section 1137 is unconstitutional and preempted by the National Labor Relations Act, 29 U.S.C. § 151, *et seq.* Plaintiffs and their members seek prospective injunctive relief enjoining Defendants' enactment and enforcement of SB 399 against employers who discharge or discipline employees for refusing to attend employer-sponsored meetings, or refusing to listen to employer speech or view employer communications, in which the employers intend to communicate their opinions on political matters, including union involvement.

## PARTIES

15. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

16. Plaintiff CalChamber is a nonprofit business association with approximately 13,000 members, both individual and corporate, representing virtually every economic interest in the State of California, including among others

5
COMPLAINT

food producers, suppliers, and retailers. CalChamber's members include several of the largest businesses in California, but seventy-five percent of its members are small businesses with 100 or fewer employees. CalChamber acts on behalf of the business community to improve the state's economic and employment climate by representing business on a broad range of legislative, regulatory, and legal issues. CalChamber's members employ millions of Californians.

17.     Plaintiff CRA is the uniting voice of the restaurant industry and a non-profit organization that promotes and protects industry interests and practices through lobbying, monitoring the legislative process, initiating grassroots campaigns and creating a network for its members through various chapters across the state.

18.     SB 399 will injure Plaintiffs' members in California. Some of Plaintiffs' employer members have conducted or engaged in, and plan to conduct or engage in, employer sponsored meetings, speech, or other communications having the primary purpose of communicating the employer's opinion concerning political matters as defined in the law, which include (among other things) the decision to join or support a labor organization. Plaintiffs' member employers conduct meetings, engage in speech, and issue communications addressing many topics in the normal course of business. These topics include important employment matters and other critical issues relating to their companies that SB 399(b)(3) defines as "political matters," such as, but not limited to, proposals to change legislation, proposals to change regulations, proposals to change public policy, and whether to join a political, civic, community, fraternal or labor organization. For this reason, employers are entitled to communicate with employees about unionization in the workplace.

19.     Defendant Rob Bonta is the Attorney General for the State of California and the highest-ranking officer in the California Department of Justice. Attorney General Bonta is sued in his official capacity. He performs his official

duties in Sacramento and throughout the State of California. As Attorney General, he is empowered to enforce the provisions of SB 399 because any good faith error in interpreting SB 399 or its exceptions creates liability under the Private Attorneys General Act, which carries significant penalties of up to $100 or $200 per employee per pay period. *See* Cal. Lab. Code §§ 2698, *et seq*.

20. Defendant Lilia Garcia-Brower is the Labor Commissioner in the Division of Labor Standards Enforcement of the California Department of Industrial Relations. The Labor Commissioner Garcia-Brower is sued in her official capacity. She performs her official duties in Sacramento and throughout the State of California. The Labor Commissioner is charged with, *inter alia*, overseeing the Division of Labor Standards Enforcement of the California Department of Industrial Relations and enforcing provisions and requirements of California's labor laws, including SB 399. As the Labor Commissioner, she has been specifically empowered to enforce the provisions of SB 399. *See* Sen. Bill 399 (Wahab) 2023-2024 Reg. Sess. Ch. 670, Cal. Stat. Under subdivision (e) or SB 399, the Labor Commissioner can investigate alleged violations of SB 399 and seek citations or civil penalties. *See* Cal. Lab. Code §§ 98.7 and 1197.1.

21. Defendant Division of Labor Standards Enforcement of the California Department of Industrial Relations includes all employees who are overseen by the Defendant Labor Commissioner in the Division of Labor Standards Enforcement of the California Department of Industrial Relations and who are involved in the Commissioner's various efforts to enforce the provisions of SB 399.

## **FACTS**

22. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

23. In accordance with the NLRA and the First and Fourteenth Amendments to the United States Constitution, employers have the right to

///

communicate with their employees about the employers' viewpoints on politics, unionization, and other labor issues.

24. On August 30 and 31, 2024, the California State Assembly and Senate, respectively passed SB 399, an act to add Chapter 9 to Part 3 of Division 2 of the California Labor Code, commencing with California Labor Code section 1137. Gavin Newsom, Governor of the State of California, signed SB 399 into law on September 27, 2024 to take effect on January 1, 2025.

25. SB 399, subdivision (c) provides that: "An employer ... shall not subject, or threaten to subject, an employee to discharge, discrimination, retaliation, or any other adverse action because the employee declines to attend an employer-sponsored meeting or affirmatively declines to participate in, receive, or listen to any communications with the employer or its agents or representatives, the purpose of which is to communicate the employer's opinion about religious or political matters. An employee who is working at the time of the meeting and elects not to attend a meeting described in this subdivision shall continue to be paid while the meeting is held."

26. SB 399, subdivision (b)(3) defines "political matters" as: "matters relating to elections for political office, political parties, legislation, regulation, and the decision to join or support any political party or political or labor organization."

27. On November 13, 2024, the National Labor Relations Board ("NLRB" or "Board") issued its Decision and Order in *Amazon.com Services LLC*, 373 NLRB No. 136 (2024) wherein it prohibited employers from holding mandatory employee meetings to express the employer's views concerning unionization in the workplace.

28. SB 399, subdivision (d) states that, in addition to any other remedy, "an employer who violates this section shall be subject to a civil penalty of five hundred dollars ($500) per employee for each violation."

/ / /

29. SB 399, subdivision (e) grants Defendants Lilia Garcia-Brower, in her official capacity as the Labor Commissioner and the Division of Labor Standards Enforcement of the California Department of Industrial Relations with the authority to enforce SB 399.

30. In addition to SB 399, subdivision (e), subdivision (f)(1) allows aggrieved employees that have "suffered a violation of subdivision (c)" to "bring a civil action in a court of competent jurisdiction for damages caused by that adverse action, including punitive damages." Similarly, SB 399, subdivision (f)(2) allows aggrieved employees to petition a state superior court for "appropriate temporary or preliminary injunctive relief."

31. Defendant Rob Bonta is also authorized to enforce the provisions of SB 399 because any good faith error in interpreting SB 399 or its exceptions creates liability under the Private Attorneys General Act, which carries significant penalties of up to $100 or $200 per employee per pay period. *See* Cal. Lab. Code §§ 2698, *et seq*.

32. SB 399 will inevitably result in the violation of constitutional and statutory rights of California's employers, including Plaintiffs' member employers. Without a declaratory judgment and an injunction against enforcement of SB 399, Defendants will deprive Plaintiffs and their members of their federal rights.

## FIRST CAUSE OF ACTION
## (VIOLATION OF FIRST AND FOURTEENTH AMENDMENT TO UNITED STATES CONSTITUTION)

33. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

34. SB 399 violates the rights of speech and assembly, secured by the First and Fourteenth Amendments to the United States Constitution, of Plaintiffs and their members.

///

35. SB 399, subparts (c), (d), (e), and (f) threaten employers with civil liability, penalties, and other regulatory repercussions for speaking with their employees about a range of important issues, like whether certain candidates for office are likely to be good or bad for the company or whether to support or oppose new laws concerning public safety, economic stability, racial equality, taxes, and more. Furthermore, SB 399 threatens employers with penalties for discussing regulatory proposals that may impact the day-to-day operations of the business.

36. California has taken the extraordinary step of enacting legislation that imposes sanctions on employers who disseminate truthful information and express their opinions on matters of public concern—speech that "is at the heart of the First Amendment's protection." *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 776 (1978). The First Amendment, applied via the Fourteenth Amendment, "prohibits state and local governments from enacting laws 'abridging the freedom of speech.'" *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192, 1197 (9th Cir. 2016) (quoting U.S. CONST. amend. I).

37. The First and Fourteenth Amendments protect the speech rights of employers. *See 303 Creative LLC v. Elenis*, 600 U.S. 570, 600 (2023) ("the First Amendment extends to all persons engaged in expressive conduct, including those who seek profit"); *Bellotti*, 435 U.S. at 765 (recognizing that First Amendment protection extends to corporations).

38. By its express terms, SB 399 regulates speech on "matters relating to elections for political office, political parties, legislation, regulation, and the decision to join or support any political party or political or labor organization." Sen. Bill 399 (Wahab), subp. (b)(3), 2023-2024 Reg. Sess. Ch. 670, Cal. Stat. Because "the legislature is constitutionally disqualified from dictating the subjects about which persons may speak and the speakers who may address a public issue," SB 399 violates Plaintiffs' First Amendment rights. *Bellotti*, 435 U.S. at 784–85.

///

39. SB 399 subpart (c)'s regulation of employer speech is a form of prohibited content-based discrimination. *Boyer v. City of Simi Valley*, 978 F.3d 618, 621 (9th. Cir. 2020). SB 399 regulates speech on political matters—a subject matter that is entitled to the highest form of protection. Although some content-based restrictions pass constitutional muster, political speech is at the core of what the First Amendment was enacted to protect. *Virginia v. Black*, 538 U.S. 343, 365 (2003).

40. SB 399's regulation of employer speech on labor issues, like its restriction of speech on political matters in general, is a form of prohibited content-based discrimination. Sen. Bill 399 (Wahab), subps. (b)(3), (c)-(f), 2023-2024 Reg. Sess. Ch. 670, Cal. Stat.

41. SB 399 subpart (b)(3)'s regulation of employer speech about "political matters," including "the decision to join or support any … labor organization," is also a form of prohibited viewpoint-based discrimination. *See Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755, 777 (2018); *RAV v. City of St. Paul*, 505 U.S. 377, 391 (1992). SB 399 singles out and targets employers and prevents them from effectively sharing their opinions on political matters of public concern, including opinions against unionization, and from explaining the effects unionization could have on the employers' business.

42. SB 399 prevents employers from sharing true facts with employees about unionization, such as employees' need to pay dues for representation, unions' interference with employer-employee relationships, unions' prioritization of the collective over the individual employees, and the financial impacts on employers. As a result, employees will be deprived of complete information and be unable to make informed choices about whether to unionize.

43. The State of California has no compelling interest in protecting employees from hearing their employers' opinions on any issues, let alone political

///

and labor issues. The State of California also has no compelling interest in depriving employees of factual information related to political and labor issues.

44. SB 399 is overbroad and discriminatory and chill employers' speech and assembly rights guaranteed by the First and Fourteenth Amendments. These unconstitutional flaws are magnified by the statute's vagueness and extreme breadth. *See Minn. Voters All. v. Mansky*, 585 U.S. 1, 16 (2018). SB 399's subpart (c) prohibits employers from disciplining or threatening to discipline employees who refuse to attend employer-sponsored meetings or to listen or view employer communications when the "purpose" of the meetings or communications "is to communicate the employer's opinion about religious or political matters." SB 399(b)(3)'s definition of "political matters" only vaguely and imprecisely includes "matters relating to" a range of topics. As such, employers cannot reasonably know whether a particular matter is sufficiently related to a topic so as to expose them to liability. And the statute does not define "purpose" at all—leaving employers to speculate about the term's open-ended meaning. Employers cannot reasonably know whether a company matter the employer intends to discuss at a mandatory meeting is related to one of these "political matters" and whether doing so would expose them to liability. SB 399 is not narrowly tailored toward any legitimate end.

45. Because SB 399 is a content-based regulation that is not narrowly tailored to achieve any compelling governmental interest, SB 399 cannot survive strict scrutiny. *Boyer v. City of Simi Valley*, 978 F.3d 618, 621 (9th. Cir. 2020).

46. Plaintiffs, on behalf of their members, also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
## (SB 399 IS PREEMPTED BY THE NLRA)

47. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

///

48. The National Labor Relations Act comprehensively regulates labor matters throughout the United States. *See, e.g., San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 241 (1959); *Lodge 76, Int'l Ass'n of Machinists v. Wis. Emp. Rels. Comm'n ("Machinists")*, 427 U.S. 132, 144 (1976).

49. SB 399 is preempted by Section 8(c) of the NLRA pursuant to *Garmon* preemption because SB 399 purport to prohibit conduct the NLRA permits and to frustrate rights the NLRA guarantees to employers. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 241 (1959). SB 399 is also preempted by the NLRA pursuant to *Machinists* preemption because SB 399 purports to regulate areas Congress intentionally left to be controlled by the free play of economic forces. *Lodge 76, Int'l Ass'n of Machinists v. Wis. Emp. Rels. Comm'n ("Machinists")*, 427 U.S. 132, 144 (1976).

50. Under the NLRA, employees have the right "to form, join, or assist labor organizations" and the right "to refrain from any or all of such activities." 29 U.S.C. § 157.

51. Under the NLRA, employers have the right to "express[ ] any views, argument, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form … if such expression contains no threat of reprisal or force or promise of benefit." 29 U.S.C. § 158(c).

52. In *Chamber of Commerce v. Brown*, 554 U.S. 60 (2008), the U.S. Supreme Court interpreted Section 8(c) and observed that, in addition to "implement[ing] the First Amendment" for employers, Section 8(c) "manifested a 'congressional intent to encourage free debate on issues dividing labor and management'" and reflected a "policy judgment" that "favor[ed] uninhibited, robust, and wide-open debate in labor disputes, stressing that freewheeling use of the written and spoken word … has been expressly fostered by Congress and approved by the NLRB." *Id*. at 67–68 (quoting *NLRB v. Gissel Packing Co.*, 395 U.S. at 617 and *Linn v. Plant Guard Workers*, 383 U.S. 53, 62 (1966)).

53. SB 399, subparts (c) through (f)(1)-(2) threatens employers with civil liability, penalties, and other regulatory repercussions for speaking with their employees about unionization and supporting labor unions.

54. SB 399 is preempted pursuant to *Garmon* preemption even if mandatory meetings to discuss unionization in the workplace are prohibited *See, e.g., Garmon*, 359 U.S. at 245 (the States are "ousted of all jurisdiction" if the NLRB decides conduct is either "protected" or "prohibited" by the NLRA). Indeed, the fact that the NLRB issued its decision in *Amazon.com Services, LLC*, 373 NLRB No. 136 (2024) clearly illustrates that the agency responsible for labor relations in this country has acted and state action, such as SB 399, interferes with and is contrary to federal law. Specifically, the NLRB outlined the conditions under which employers may communicate with employees about unionization in the workplace.

55. Under the Supremacy Clause of the United States Constitution, federal law trumps any conflicting state law. Therefore, SB 399 is preempted by the NLRA.

56. Plaintiffs, on behalf of their members, also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION
## (DECLARATORY RELIEF; 42 U.S.C. §§ 1983 AND 2201)

57. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

58. SB 399 violates the First Amendment and Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and thereby deprives Plaintiffs and their members of enforceable rights. SB 399 is unlawful and unenforceable because it relies on an unconstitutional vague regulation of employer speech about "political matters," including "the decision to join or support any … labor organization." SB

/ / /

399 is also a form of prohibited viewpoint-based discrimination. Sen. Bill 399 (Wahab), subd. (d)(3), 2023-2024 Reg. Sess. Ch. 670, Cal. Stat.

59. SB 399 subparts (b)(3), (c), (d), (e), and (f)(1)-(2) are unlawful and unenforceable, together and separately, because they violate the First Amendment of the Constitution and thereby deprive Plaintiffs and their members of enforceable rights.

60. SB 399 subparts (b)(3), (c), (d), (e), and (f)(1)-(2) are unlawful and unenforceable because they are unconstitutionally vague in violation the First Amendment and Due Process Clause of the Fourteenth Amendment to the Constitution and thereby deprive Plaintiffs and their members of enforceable rights.

61. SB 399's unlawful portions are not severable from the rest of the Bill. The entirety of SB 399 is therefore unlawful and unenforceable.

62. SB 399 is preempted by Section 8(c) of the NLRA pursuant to *Garmon* preemption because SB 399 purport to prohibit conduct the NLRA permits and to frustrate rights the NLRA guarantees to employers. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 241 (1959). SB 399 is also preempted by the NLRA pursuant to *Machinists* preemption because SB 399 purports to regulate areas Congress intentionally left to be controlled by the free play of economic forces. *Lodge 76, Int'l Ass'n of Machinists v. Wis. Emp. Rels. Comm'n* ("*Machinists*"), 427 U.S. 132, 144 (1976).

63. SB 399 subparts (b)(3), (c), (d), (e), and (f)(1)-(2) are unlawful and unenforceable, together and separately, because they are preempted by Section 8(c) of the NLRA. 29 U.S.C. § 158(c).

64. With exceptions not relevant here, in any "case of actual controversy within [their] jurisdiction," federal courts have the power to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

/ / /

65. This Court can and should exercise its equitable power to enter a declaration that SB 399 is unconstitutional and otherwise unlawful.

66. This Court can and should exercise its equitable power to enter a declaration that each of SB 399's challenged provisions is unconstitutional and otherwise unlawful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby request that the Court enter a judgment:

1. Declaring that:

    (a) SB 399 is unlawful;

    (b) SB 399 is unconstitutional as it violates the First Amendment to the Constitution, as incorporated by the Fourteenth Amendment;

    (c) SB 399 is void for vagueness and overbreadth under the First Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution;

    (d) SB 399, subparts (b)(3), (c), (d), (e), and (f)(1)-(2) violate the First Amendment to the Constitution, as incorporated by the Fourteenth Amendment;

    (e) SB 399, subparts (b)(3), (c), (d), (e), and (f)(1)-(2) are void for vagueness and overbreadth in violation of the First Amendment and Due Process Clause of the Fourteenth Amendment to the Constitution;

    (f) SB 399 is preempted by the NLRA.

2. Enjoining Defendants from enforcing SB 399 against Plaintiffs and their members, and from taking other official actions against Plaintiffs and their members, based upon violations of SB 399;

3. Awarding Plaintiffs the costs and attorneys' fees expended on this action, in accordance with 42 U.S.C. § 1988(b) for successful 42 U.S.C. § 1983 claims against state officials and other applicable law; and

/ / /

4. Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Dated:  December 31, 2024

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By: /s/ *Lonnie D. Giamela*
Todd A. Lyon
Lonnie D. Giamela
Carola Murguia
Attorneys for Plaintiff
California Chamber of Commerce and
California Restaurant Association